Per Curiam :
ddie position of the court in reference to this case is a very simple one. It is that the United States had the right to present this claim either to Sweden, who owed protection to this American vessel, or to France, who seized the vessel in Swedish waters, and, through her officers’ caused her to be condemned and sold illegally. The owners also had the right to ask their government to prosecute the claim against one or the other of the offending parties. The court does not regard the action of the master of the vessel or of the consul of the United States at St. Bartholomew in trying to get the Swedish authorities then and there to intervene and restore the vessel to the owners as an election of the government which should be held accountable; but subsequently the owners filed their *69 claim in the Department of State, reciting the facts and circumstances of the illegal seizure, and concluding with the following:
“ We believe that according to the treaty between the King of Sweden and the United,States it is in the power of our Government under these circumstances to obtain satisfaction from the Swedish Government and are fully assured that the proper officers will readily render to us and to every injured citizen that assistance which they have a right to claim.”
This was an election so far as the owners could make it of an intent to hold the Swedish Government responsible, and there is nothing brought to the knowledge of the court which indicates an intent on the part of the United States to hold France responsible. The claim being a claim filed against Sweden and not against France can not by implication alone be held to have been one of the claims relinquished by the' United ¡States to France in consideration of the relinquishment by France of her claims against the United States.
Not being apparently in its character a claim against France, the claimant’s motion for a new trial'must be overruled.